IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI ALLAIN,<br>    Plaintiff,<br><br>v.<br><br>MARK D. MILLER, individually; and<br>MARK MILLER CUSTOM BUILDER<br>ENTERPRISES LLC,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO.  22-03131 |

**O R D E R**

**AND NOW**, this 26th day of September, 2024, upon consideration of Defendant's Motion to Set Aside or Vacate the Default Judgment (ECF No. 47) and Plaintiff's Response (ECF No. 48), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**

---

[1]  Plaintiff Ms. Allain brought this case against her former employer, Defendant Mr. Miller, for sexual harassment, sex discrimination, assault and battery, and lost wages. On April 21, 2023, this Court entered an Order granting Plaintiff's Motion for Default Judgment (ECF No. 32). Following a damages hearing, the Court then entered judgment in favor of Plaintiff in the amount of $490,319. (ECF No. 42). Defendant now asks that the Court set aside its default judgment against him because, he claims, he was "never served in person nor aware of this issue." (ECF No. 47 at 1). Defendant also makes inappropriate and irrelevant comments about the Plaintiff that have no bearing on the Court's decision here.

 Under Fed. R. Civ. P. 55(c), "the Court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) lays out the situations in which the Court may relieve a party from a final judgment: mistake, newly discovered evidence, fraud, the judgment is void, the judgment has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, a motion under Rule 60(b) must

be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). "Reasonable" is not defined categorically, but for several of the factors in Rule 60(b) a motion can be made no more than a year after entry of judgment. *Id.*

Mr. Miller's Motion is time-barred. The Court entered its default judgment in April 2023, well over a year ago, and its damages award in October 2023, nearly a year ago. This exceeds any understanding of what might have been a "reasonable" amount of time. Therefore, Defendant's Motion is denied.

Although the Court need not address the merits of Defendant's Motion, it also notes that Defendant's claim that he was without notice because of lack of good service is simply untrue. The record makes clear that Defendant was aware of this case as evidenced by a letter he filed on the docket on April 20, 2023, prior to the Court's entrance of Default Judgment. (ECF No. 31).